## LUCE *versus* STUBBS.

To sustain an action of dower by the widow against the tenant of the freehold, a demand must be made *of him,* if within the State.

It is not necessary that such demand be made upon the land, of which dower is claimed.

Such demand may be proved by admissions of the tenant, or it may be inferred from facts and circumstances proved.

A paper, addressed to the tenant and subscribed by the widow containing, in rightful form, a demand of her dower, if seasonably received by him, will constitute a sufficient demand.

Proof that such a paper, signed by the demandant, was seasonably left at the dwellinghouse of the tenant, where it was read by some of the inmates, taken in connection with his admission, that the dower had been demanded of him, will authorize the jury to infer that the paper was received and its contents understood by him.

If the jury should draw such inference, a sufficient demand would be established, although not proved to have been originally made upon him in person.

ON REPORT fom *Nisi Prius*, SHEPLEY, C. J., presiding.

ACTION OF DOWER against the tenant of the freehold.

The controversy related to the sufficiency, though not to the seasonableness, of the supposed demand upon the tenant.

To prove it, Elijah Lermond testified, *that* two written papers were handed to him by the demandant's attorney, one of which he produced; *that* he saw the widow sign one of them; *that* he handed that one to William Luce, since deceased, to carry and deliver to the tenant, and saw him leave his house for that purpose; *that*, after being absent about half an hour, William Luce returned and signed the other paper, the one here produced; and *that* this was about the first of Sept. 1848.

[The paper produced was a demand of the dower in rightful form, describing the land, and signed by the demandant and addressed to the tenant. It was dated Aug. 30, 1848. The certificate of William Luce appended to it, was dated Sept. 6, 1848.]

Nathaniel Lincoln testified, *that*, in the month of August or September, 1848, he was at work for the tenant, and *that* about Sept. 1, 1848, he saw a paper lying upon a table in tenant's house, whose wife took and read it, the tenant not being in the house; *that* she laid the paper on the table; *that* he took it up and looked at it, and noticed it was a request to have widow Luce's dower set off; *that* he has heard the tenant say they had demanded her dower; *that* he asked the tenant if he intended to stand trial, whose answer was, that

he had a warranty deed, and was not troubled about it ; *that* he read enough of the paper to know that dower was demanded of the lands described in the paper here produced ; *that* he did not notice whether it was signed by any one, and did not know that the tenant saw it, or read it, or heard it read, and believes he could not read.

Upon this testimony, the Judge being of opinion that if the jury should find, that a paper was signed by the widow, a copy of which is produced, and that such *a paper was left at the dwellinghouse* of the tenant on Sept 6, 1848, it would be a sufficient demand of dower, the tenant consented to be defaulted, subject to the opinion of the Court whether that would constitute a legal demand ; if it would, the default is to stand ; and if it would not, it is to be taken off, and a nonsuit entered.

*Palmer*, for the tenant.

The Judge was of opinion that if the paper was left at the tenant's dwellinghouse, it was a sufficient demand. If that was not a sufficient demand, the default is to be taken off.

The R. S. c. 144, § 2, requires the demand to be made " of the person, who is seized of the freehold."

As a matter of philology, it is obvious that a demand of the person can be made only upon him in person. As a question of legal construction, the rule is equally with the tenant. [The counsel then recited and compared many statutes, from that of Merton downwards, and cited *Parker* v. *Murphy*, 12 Mass. 487 ; *Baker* v. *Baker*, 4 Greenl. 69 ; 1 Greenl. Cruise, tit. 6, c. 3, § 26 ; 2 Greenl. Ev. 642 ; *Burbank* v. *Day*, 12 Met. 557.]

Nothing but a demand actually made or served directly upon the tenant personally, " in bodily presence," and not by any mode of substitution, can avail. And it is not pretended that such a demand or service was made.

The question submitted to the Court is not, whether the leaving of the paper at the tenant's house, *together with the other evidence* in the case, would establish a demand. If such had been the ruling, we should have offered further testimony.

Luce v. Stubbs.

But, if the leaving the demand at the house was of itself sufficient, as the Judge supposed, the tenant had no case, notwithstanding he might have proved that the paper never came to him. It was *that* opinion which alone led us to consent to the default. If the opinion had been that, besides the proof of leaving the paper, the other evidence was necessary, the case would never have been defaulted. It is the correctness of that opinion *alone*, which is to be now adjudicated upon. If the opinion had been that the " other evidence" introduced would be necessary to make out the demand, the default would never have been agreed to, for we could have explained and overcome that " other evidence."

The question was not, and now is not, whether a demand was proved, which was mere matter of fact for the jury; but it was, and now is, whether the leaving a written demand at the dwellinghouse, was sufficient proof of a demand. In view of the authorities cited, we respectfully submit that we are entitled to a new trial.

*Abbott* and *Howes*, for the demandant.

Howard, J. — The demand of dower must be made " of the person who is seized of the freehold at the time of making the demand, if he be in this State, otherwise, of the tenant in possession ;" and the action to recover dower must be commenced within one year, but not within one month after making such demand. R. S. c. 144, § 1, 2. The form and manner of making the demand is not prescribed by statute. It may be made by parole, and by one authorized by parole ; and it is not necessary that it should be made upon the land of which dower is claimed. *Baker* v. *Baker*, 4 Maine, 67. It may be proved as an act *in pais*, by admissions of the party of whom it was made, or by positive and direct testimony, or it may be inferred from facts and circumstances proved.

The question raised by the report in. this case is, as to the sufficiency of the demand of dower. There was evidence at the trial tending to show that a demand in writing,

signed by the demandant, and unobjectionable in form and substance, was left, by one whose agency is not disputed, at the dwellinghouse of the tenant, seasonably for the commencement of this action ; that the writing was then read by the wife of the tenant, and a witness then at work for him, in his house, he not being in the house at the time ; that it lay upon the table in the house ; and that the tenant has said to the witness, "that they had demanded her dower," and that as he had a deed of warranty, "he was not troubled about it." Upon this evidence a jury would be authorized to infer that the tenant received the paper, and knew its contents at the time, and if they found that it was signed by the demandant, and seasonably left at the dwellinghouse of the tenant, it would constitute a sufficient demand of dower. Positive proof of a personal demand is not, in all cases attainable ; as when the tenant is concealed, or not accessible, although in the State. A demand in writing, and signed by the demandant, may be regarded as made when it was received by the tenant, although not originally made upon him in person. In *Burbank* v. *Day*, 12 Metc. 557, the Court say, that when made upon two of the tenants, by leaving an attested copy at each of their dwellinghouses, it was not such a demand as the statute of Massachusetts required. There was no further evidence that those tenants received the demands or copies. But in this case, it may fairly be presumed from the evidence, that the tenant received the original demand, which upon the supposed finding of the jury, as stated in the report, would be sufficient.

The default must stand, according to the agreement, and judgment will be entered for the demandant.

TENNEY, WELLS, RICE and APPLETON, J. J., concurred.